UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON, JR., | No. 2:19-cv-0621-WBS-EFB P |
| Plaintiff, | |
| v. | ORDER |
| M. VOONG, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF Nos. 2, 5, 8.

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening

I. Legal Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

II.  Analysis

For the limited purposes of screening under § 1915A, plaintiff has stated potentially cognizable claims against defendants Williams, Moss, Myers, Justin, and Lee for violating his First Amendment right to send mail and to be free from retaliation for engaging in activity protected by the First Amendment. Plaintiff has also stated a potentially cognizable claim against

defendant Johnson for retaliation in violation of the First Amendment. Plaintiff has also stated potentially cognizable claims against defendants Williams, Myers, Moss, and Justin for violating his right to procedural due process under the Fourteenth Amendment. *See Procunier v. Martinez*, 416 U.S. 396 (1974); *Rhodes v. Robinson*, 408 F.3d 559 (9th Cir. 2003).

Plaintiff has not stated cognizable claims against defendant Voong. Plaintiff alleges only that Voong "approved of all the defendants' conduct" and ordered staff to violate state regulations by contacting Dr. Krystal Neely to determine whether plaintiff's letters to her were welcome. Plaintiff has not alleged any facts showing Voong's personal involvement in the decision to prohibit his correspondence. Under § 1983, a plaintiff must allege facts showing the personal involvement of each defendant in a violation of plaintiff's federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-77 (2009). Supervisory liability may not be imposed under the statute. *Id.* In addition, plaintiff does not state facts showing a violation of state regulations regarding prisoner mail. Section 3135(e), of California Code of Regulations title 15, allows a recipient of inmate mail to complain about the mail and provides a process by which, once a complaint is received, the inmate may be restricted or prohibited from corresponding with the recipient. Plaintiff claims that officials violated this regulation by contacting Neely to determine whether she approved of plaintiff's letters to her instead of waiting for Neely to file a complaint. But the regulation does not prohibit officials from contacting mail recipients in this manner.

Nor has plaintiff stated a cognizable claim against defendant Arnold. Plaintiff alleges only that Arnold, the warden of the institution, approved of the other defendants' conduct. He states no facts showing Arnold's personal involvement in the alleged constitutional violations.

Lastly, plaintiff has not stated a cognizable claim for violation of his constitutional right to privacy. Plaintiff alleges that defendant Myers violated this right by calling Neely. The court could locate no authority so broadly construing the right to privacy as to encompass the right not to have a government official contact a third party as part of an official investigation into potential misconduct. Instead, the constitutional right to privacy has been recognized to prohibit some governmental intrusions into intimate personal decisions relating to marriage, procreation, contraception, family relationships, child rearing, and education – decisions "central to personal

3

dignity and autonomy." *Lawrence v. Texas*, 539 U.S. 558, 573-74 (2003) (internal quotation marks omitted). Plaintiff has stated no facts that would suggest that Myers impinged on such an intimate personal choice by calling Neely.

## Leave to Amend

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 2, 8) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint alleges, for screening purposes, viable claims against defendants Moss, Myers, Williams, Lee, Justin, and Johnson as identified above.
4. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.
6. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: February 11, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>M. VOONG, et al.,<br><br>Defendants. | No. 2:19-cv-00621-WBS-EFB P<br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the claims identified against defendants Moss, Myers, Williams, Lee, Justin, and Johnson;

OR

(2) _____ delay serving any defendant and file an amended complaint.

_____
Plaintiff

Dated: