UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON,<br><br>    Plaintiff,<br><br>    v.<br><br>M. VOONG, *et al.*,<br><br>    Defendants. | Case No. 2:19-cv-00621-WBS-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS BE DENIED<br><br>ECF No. 51<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He claims that Johnson violated his Fourteenth Amendment right to procedural due process and that both Johnson and Lee retaliated against him in violation of his First Amendment rights.[1] Defendants have moved for judgment on the pleadings, addressing only the retaliation claims and arguing that plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1997, 42 U.S.C. § 1997e(a). Because plaintiff

---

[1] Previously, the court screened the case and determined that plaintiff had not alleged any viable claims against defendants Voong and Arnold, at which time plaintiff elected to proceed only with his claims against the remaining six defendants. *See* ECF No. 21 (adopting fully the findings and recommendations in ECF No. 13). Defendants Justin, Moss, Myers, and Williams then moved to dismiss the claims against them, ECF No. 26, and the court granted the motion, ECF No. 49 (adopting fully the findings and recommendations in ECF No. 38). The motion did not address any of the claims against Johnson or the retaliation claims against Lee; Lee and Johnson are the only remaining defendants.

While defendants assert that only the retaliation claims remain, ECF No. 51 at 4, the court has not dismissed any claims against Johnson, *see* ECF No. 49. Therefore, the due process claims against Johnson remain. I do not address those claims herein.

1

has sufficiently pled a basis to excuse him from the exhaustion requirement, judgment on the pleadings is not appropriate. Therefore, I recommend that the court deny defendants' motion.[2]

I. **Factual Background**

Plaintiff alleges that on January 23, 2016, Lee came to his cell, yelling and waving a form relating to an appeal of a grievance that he had filed against two officers, Moss and Williams. ECF No. 1 at 7. He alleges that Lee told him to withdraw the appeal or else officers would search his cell. *Id.* When plaintiff refused to withdraw the appeal, he alleges that Lee ordered Johnson, a subordinate, to conduct a search. *Id.* at 8. Plaintiff alleges that Johnson then searched the cell and confiscated plaintiff's tennis shoes, stamps, some personal canteen items, family letters, family photographs, and items of clothing—while Lee watched. *Id.* Plaintiff further alleges that he did not file a grievance against defendants because he "feared . . . additional retaliation such as being transferred and or having the rest of [his] personal property confiscated and thrown away." *Id.* at 15.

II. **Legal Standards**

    a. **Rule 12(c) Standard**

Defendants move for judgment on the pleadings, limited to plaintiff's retaliation claims. *See* ECF No. 51 at 1. Judgment on the pleadings under Rule 12(c) is proper when, even if all material facts in the complaint are taken as true, the moving party is entitled to judgment as a matter of law. *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011). The court applies the same standard as would govern a motion under Rule 12(b)(6). *Id.* at 1054 n.4. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

---

[2] Plaintiff has moved to fill a surreply, ECF No. 60, in which he argues that defendants misconstrued his arguments and incorrectly asserted that he had waived certain issues, *see* ECF No. 61 at 1-5. While federal and local rules do not provide a right to file a surreply, the court can allow a surreply to be filed "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 WL 3031136, *1 (E.D. Cal. Nov. 8, 2005). Here, plaintiff's surreply addresses arguments and assertions raised in defendants' reply to plaintiff's opposition. *See* ECF No. 58. Therefore, I grant defendant's request to file a surreply, ECF No. 60.

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Throughout, courts must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

### b. Dismissal for Failure to Exhaust Administrative Remedies

The Prison Litigation Act ("PLRA") requires a prisoner plaintiff to exhaust all administrative remedies for a grievance before filing a lawsuit.  *See* 42 U.S.C. § 1997e(a).  To exhaust administrative remedies in a California state prison, a grievance must be submitted within 30 calendar days of the relevant event.  Cal. Code. Reg. tit. 15 § 3084.8(a).  However, a failure to exhaust administrative remedies is excused when a threat of retaliation renders the prison grievance system "effectively unavailable."  *See McBride v. Lopez*, 807 F.3d 982, 986 (9th Cir. 2015).  For this exception to apply, a plaintiff must show that "(1) he actually believed prison officials would retaliate against him if he filed a grievance, and (2) a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 792 (9th Cir. 2018).

Because the exhaustion inquiry often requires the court to consider documents outside the complaint, failure to exhaust should generally be raised in a motion for summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014).  But where the face of the complaint establishes the failure to exhaust, a defendant may seek dismissal under Rule 12(b)(6) or 12(c). *Id*. at 1169.

### III. Discussion

Defendants argue that plaintiff did not exhaust all available administrative remedies

3

1  before filing this suit.  *See* ECF No. 51 at 3.  They further argue that plaintiff's complaint

2  demonstrates that he is not excused from this requirement because he did not actually believe

3  officials would retaliate against him.  ECF No. 51 at 8-10.  Additionally, defendants argue that,

4  even if plaintiff subjectively feared retaliation, a reasonable prisoner of ordinary firmness would

5  have understood defendant's alleged threats to relate only to a specific past grievance and not to

6  future grievances.  ECF No. 58 at 6-7.  And finally, they argue that the threat was not so severe

7  that it would deter a reasonable prisoner from filing a grievance.  *Id.* at 7.

### a. PLRA Exhaustion: Subjective Prong

9  Plaintiff alleges that defendants searched his cell and threw away his personal belongings

10  because he had refused their demands to withdraw a grievance, and that he feared such

11  harassment would continue should he file another grievance against them.  ECF No. 1 at 7-8, 15.

12  Defendants argue that, "[d]espite conclusory assertions" in his complaint, plaintiff did not

13  experience a subjective fear of retaliation inducing him not to file a grievance.  ECF No. 58 at 7.

14  They argue that threats associated with a prior grievance could not have caused plaintiff to fear

15  retaliation should he file another grievance and that plaintiff's "substantial litigation history

16  demonstrates that he was not deterred from pursuing a grievance concerning Lee and Johnson by

17  any such threat."  *Id*. at 7-8.

18  Defendants ask the court to take judicial notice of multiple lawsuits filed by plaintiff, ECF

19  No. 59, and to consider them "habit evidence" showing that plaintiff did not fear retaliation in

20  similar circumstances, *see* ECF No. 58 at 8.  Generally, in evaluating a motion for judgment on

21  the pleadings, a court "may not consider any material beyond the pleadings . . . without

22  converting the motion . . . into a motion for summary judgment."  *Lee v. City of Los Angeles*, 250

23  F.3d 668, 689 (9th Cir. 2001) (applying Rule 12(b)(6) standards) (citation and internal quotation

24  marks omitted).  There are two exceptions: (1) a court may take judicial notice of material that is

25  either submitted as part of or necessarily relied on by the complaint; or (2) a court may take

26  judicial notice of matters of public record.  *Id.* at 688-89; *Coto Settlement v. Eisenberg*, 593 F.3d

27  1031, 1038 (9th Cir. 2010).  I will grant defendants' request to the extent that it asks the court to

28  take judicial notice of the existence of plaintiff's other lawsuits, ECF No. 59.  *See Lee*, 250 F.3d

4

at 690 ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'") (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3rd Cir. 1999)).

However, the existence of plaintiff's other lawsuits does not establish whether plaintiff feared retaliation—a disputed question. *See* ECF No. 58 at 8. Plaintiff pled that he was deterred from filing a grievance against defendants because he feared retaliation by them, and the court accepts that factual allegation as true for the purposes of defendants' Rule 12(c) motion.[3]

### b. PLRA Exhaustion: Objective Prong

Defendants mount a similar argument when tackling the objective prong, arguing that a person of ordinary firmness would not have understood their alleged actions to amount to a threat deterring a *future* grievance, since their actions related to a *past* grievance. *See Rodriguez*, 891 F.3d at 792 (considering whether an incarcerated person of "ordinary firmness would have believed that the [defendants' actions] communicated a threat not to use the prison's grievance procedure and the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance"). In support of their argument, defendants rely on *McBride*, but they misconstrue it. In *McBride*, the plaintiff alleged that he was beaten by guards, two of whom later told him that he was lucky not to have suffered more serious injuries. 807 F.3d at 985. The Court of Appeals rejected the plaintiff's argument that the beating and accompanying statements rendered the grievance process unavailable. *See id.* at 987-88. Defendants argue that *McBride*

---

[3] Defendants also cite *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), to support their argument that the PLRA permits judges to "pierce the veil of the complaint's factual allegations." ECF No. 58 at 7 n.3. But *Denton* involved only an examination of the court's powers to dismiss frivolous lawsuits under the "*in forma pauperis* statute," 42 U.S.C. § 1915 (d), and did not hold that the PLRA authorizes the court to move beyond a complaint's factual allegations. 504 U.S. at 32. Moreover, even in the context of a § 1915(d) screening, the court may only dismiss claims as frivolous when they are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Id.* at 32-33 (internal quotations and citations omitted). Even were I to agree with defendants' claim that the PLRA permits the court to look beyond the face of a complaint, there is no basis to conclude that plaintiff's allegations were "fanciful, fantastic, [or] delusional." *Id.*

5

1   shows that a person of ordinary firmness would not interpret threats about a prior grievance to
2   relate to future grievances.  *See* ECF No. 58 at 6-7.  But in *McBride*, the guards made no mention
3   of the grievance system, and the court saw no link between their statements and the grievance
4   system.  807 F.3d at 988.  As the Court of Appeals noted, if it had held that the alleged beating
5   was sufficient to excuse PLRA exhaustion, "any hostile interaction between a prisoner and prison
6   officials would render the prison's grievance system unavailable."  *Id.*

7   Here, plaintiff alleges that defendants told him that they were acting against him because
8   of his grievance and that he should withdraw it.  ECF No. 1 at 7-8.  Defendants offer no support
9   for their argument that a retaliatory threat must be directed specifically at future grievances, rather
10  than at the grievance system generally.  A threat need not be so specific.  *See Rodriguez*, 891 F.3d
11  at 793 (describing the fears of multiple incarcerated appellees, some of whom only knew of the
12  experiences of others and never received any threat of retaliation themselves).  Based on
13  plaintiff's allegations, a reasonable prisoner of ordinary firmness would have understood
14  defendants to be threatening plaintiff not to use the prison's grievance procedure.

15  Defendants further argue that, assuming plaintiff to be a reasonable person, his lack of
16  submission to defendants' alleged threats demonstrates that the threats were not sufficiently
17  severe to deter a reasonable prisoner from filing a grievance.  *See* ECF No. 58 at 7.  As they point
18  out, plaintiff alleges that defendants threatened retaliation if he did not withdraw a previously
19  filed grievance, but he did not withdraw the grievance.  *See id.*  However, that plaintiff did not
20  withdraw a grievance about other individuals—who did not threaten him—falls short of showing
21  that defendants' alleged threats were not sufficiently severe to deter a reasonable person from
22  filing a grievance against them.  Accepting plaintiff's allegations as true, defendants' prior
23  retaliation was a reasonable indicator of how they might behave should plaintiff pursue a
24  grievance against defendants themselves.  That defendant Lee is a supervisor only amplifies the
25  threat of future retaliation.  *See id.* (noting that it is "unrealistic to expect [the inmate] to file a
26  grievance against the very people who were threatening retaliation").  As plaintiff puts it, "what
27  sense would it make to file an appeal on the person who is conducting an investigation on an
28  appeal that you've filed against staff"?  ECF No. 57 at 6.  Furthermore, the items that were

6

allegedly thrown away included some of the items of highest value to many incarcerated individuals, namely letters and photographs from family.  *See* ECF No. 1 at 7-15.  Under the circumstances alleged in plaintiff's complaint, defendants' actions were sufficiently severe to deter a reasonable prisoner from filing a grievance against defendants.

**IV.     Order and Findings and Recommendations**

I recommend that the court deny defendants' motion for judgment on the pleadings, ECF No. 51.

These findings and recommendations are submitted to the U.S. District Judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     August 24, 2021                                     _____
                                                                              JEREMY D. PETERSON
                                                                              UNITED STATES MAGISTRATE JUDGE